IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:18-980-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Jimmy Carlton Gilfillan, Jr., | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jimmy Carlton Gilfillan, Jr.'s ("Gilfillan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Gilfillan alleges in part that his attorney failed to file an appeal as requested. (Gilfillan § 2255 Mot. 5-7, ECF No. 46.)

Gilfillan pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On March 26, 2019, Gilfillan was sentenced to 228 months' imprisonment. Gilfillan filed the instant § 2255 motion on February 21, 2020.

An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal. See id. Therefore, the court hereby vacates

1

Gilfillan's sentence and immediately reinstates and reimposes Gilfillan's judgment of conviction. The remainder of Gilfillan's claims are dismissed without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).

It is therefore

**ORDERED** that Gilfillan's § 2255 motion, docket number 46, is dismissed with leave to refile, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order. It is further

**ORDERED** that the remaining claims raised in Gilfillan's motion are dismissed without prejudice. It is further

**ORDERED** that Gilfillan's motion to appoint counsel, docket number 47, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 3, 2020

**NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION**

The Movant is hereby notified that he has **FOURTEEN (14)** days from the filing date of this order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline will waive the right to appeal.

The notice immediately below relates only to the Movant's right to appeal this order and should not be confused with the fourteen-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.